# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRAFF and RICK DISNEY, | 1:14-CV-00095-LJO-JLT |
| Plaintiffs, | **ORDER ON MOTION TO DISMISS** (Docs. 6) |
| v. | |
| CITY OF TEHACHAPI, et al, | |
| Defendants. | |

### PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

### INTRODUCTION

Plaintiffs Peter Graff ("Graff") and Rick Disney ("Disney") (collectively "Plaintiffs") bring this action for violations of Cal. Lab. Code § 1102.5 and 42 U.S.C. § 1983 as well as for penalties under the Private Attorney General Act, Cal. Gov. Code § 2698, *et seq.*, against Defendants the City of

Tehachapi ("City"), Jeff Kermode ("Kermode"), Kevan Emprey ("Emprey"), Scott Kecham ("Kecham"), and Mike Christian ("Christian") (collectively "Defendants").  Before the Court is Defendants' motion to dismiss Plaintiffs' first amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed herein, the Court GRANTS in part Defendants' motion.

## BACKGROUND

### A. Facts[1]

Graff has been employed as an officer by the Tehachapi Police Department for over five years. Disney was employed as an officer by the Tehachapi Police Department for over two years until March 2013.

In 2009, Graff reported to the Tehachapi Police Department that a Sergeant was falsifying timesheets.  In 2010, Graff reported to Chief of Police Kermode that a Senior Officer harassed Graff's wife at an off-duty incident, and that, when Graff complained, the Senior Officer threatened to shoot Graff.  Disney was aware of the incident and also reported it to Kermode.  Neither of these incidents was investigated.

In 2011, Disney reported an incident of a Senior Officer serving alcohol to underage members of the Police Explorer program.  Kermode appointed a Senior Officer who was present and did not report the incident as investigator.  In 2012, Kermode told Disney the matter had been investigated and the charge was without merit.

Plaintiffs allege they were subjected to a hostile work environment as a result of speaking out on these matters.  One of the Senior Officers Graff reported repeatedly rejected Graff's police reports as unsatisfactory or insufficient.  Kermode took away the Reserve Officer Training Program Graff had directed and assigned it to one of the Senior Officers Graff reported.  At one point, a Senior Officer told Graff, "I'll kick your ass," and kicked Graff's chair.  Graff also claims that he has been under surveillance by fellow officers who then generate false complaints regarding Graff's conduct.  When Graff contested a false statement that he was not following orders, a Senior Officer yelled at and

---

[1] The background facts are derived from the first amended complaint.  The Court accepts the factual allegations as true for purposes of this motion.  *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

2

advanced on Graff and filed the false report. A Sergeant also yelled at Graff on that same day.

In April 2012, Disney responded to a call of an infant not breathing. Disney failed to resuscitate the infant, and the infant died. Disney had children of the same age as the infant and suffered emotional trauma from the incident. He took the rest of his shift off and arranged for another officer to cover his shift. Kermode came to Disney's home that day and assured him his shift was covered. Kermode later notified Disney that he was under investigation for leaving his post that day. Disney alleges this was done as an act of retaliation.

Shortly thereafter, Plaintiffs' service vehicles were taken away because they were on injured-on-duty status. Other officers were routinely allowed to keep their duty vehicles when they were on similar statuses. As a result, Graff was unable to transport his police dog for appropriate training and certification.

Graff and Disney were both told that they would not receive a 5% merit increase. Disney was also told that he would not receive extra pay for serving as a Field Training Officer ("FTO") even though he had been serving as an FTO for 18 months. Graff was told he would not receive the merit increase until he made "improvements." Graff inquired but was never told what improvements were needed.

In August 2013, Disney was told that he was being investigated by internal affairs for making false and/or disparaging statements about fellow officers. Disney alleges that this investigation was intended to intimidate him for whistleblowing. Disney was also told to surrender his gun and badge.

Also, in 2013, fellow officers refused to provide back-up to Graff when he requested assistance while pursuing a suspect.

**B. Procedural History**

On December 31, 2012, Plaintiffs each filed a tort claim with the City for hostile work environment and retaliation. The City found Graff and Disney's claims insufficient under Cal. Gov. Code § 910.

On July 24, 2013, Plaintiffs filed a complaint in Kern County Superior Court alleging breach of contract and retaliation in violation of public policy against the City. On November 18, 2013, Kern County Superior Court sustained the City's demurrer to Plaintiffs' complaint with leave to amend.

On December 23, 2014, Plaintiffs filed the operative first amended complaint against Defendants alleging (1) violation of Cal. Lab. Code § 1102.5; (2) violation of 42 U.S.C. § 1983; and (3) penalties under the Private Attorney General Act, Cal. Gov. Code § 2698, *et seq*. Defendants removed this action to this court on January 22, 2014 on the basis of federal question jurisdiction over Plaintiffs' § 1983 claim.

Defendants filed the instant motion to dismiss Plaintiff's first amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on January 29, 2014.  Plaintiffs filed an opposition on February 20, 2014, and Defendants filed a reply on February 27, 2014.

## DISCUSSION

### Motion to Dismiss

**A.    12(b)(6) Failure to State a Claim**

    **1.    Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.  A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD.,* 546 F.3d at 588.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief" *Id*. (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal. 1998).  In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**2.  Analysis**

**i.  Second Cause of Action under 42 U.S.C. 1983**

In their second cause of action, Plaintiffs claim that Defendants retaliated against Plaintiffs for speaking out on a matter of public concern in violation of 42 U.S.C. § 1983.  Defendants argue that Plaintiffs' claim is time-barred and that Plaintiffs fail to allege the required elements for § 1983 First Amendment retaliation claim.  Plaintiffs apparently concede that they fail to meet at least one of the required elements for their § 1983 claim and seek leave to amend their complaint.

The parties do not dispute that the applicable statute of limitations is two years or that Plaintiffs' complaint contains allegations that fall outside of the two-year period.  Plaintiffs seek leave from the Court to amend their complaint to show that, under the continuing violation doctrine, their complaint is timely as to all alleged violations, including those that occurred prior to 2011.  Defendants

argue that the continuing violation doctrine does not apply outside of violations of the Fair Employment and Housing Act ("FEHA") or Title VII of the Civil Rights Act of 1964 ("Title VII"). To the contrary, the Ninth Circuit has stated that "[t]he continuing violation theory applies to § 1983 actions" without limiting its availability to only § 1983 claims based on certain substantive violations such as FEHA or Title VII. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Moreover, the Ninth Circuit specifically has applied the continuing violation doctrine analysis to a § 1983 retaliation claim. *Darmanin v. San Francisco Fire Dep't,* 46 F. App'x 394, 396 (9th Cir. 2002) (finding that the claim did not meet the requirements for the continuing violation doctrine because the adverse employment action at issue "is not part of a continuing violation and therefore barred by the statute of limitations.").

In the Ninth Circuit, First Amendment retaliation analysis proceeds through "a sequential five-step series of questions[.]" *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). First, the plaintiff bears the burden of showing: (1) that the speech addressed an issue of public concern; (2) the speech was spoken in the capacity of a private citizen and not a public employee; and (3) the state took adverse employment action, and that the speech was a substantial or motivating factor in the adverse action. *Id*. (internal quotation and citations omitted). "If the plaintiff has passed the first three steps, the burden shifts to the government to show that 'under the balancing test established by [*Pickering v. Bd. of Ed.*, 391 U.S. 563 (1968)], the state's legitimate administrative interests outweigh the employee's First Amendment rights.'" *Id*. (quoting *Freitag v. Ayers*, 468 F.3d 528, 543 (9th Cir. 2006)). "[F]inally, if the government fails the *Pickering* balancing test, it alternatively bears the burden of demonstrating that it 'would have reached the same adverse employment decision even in the absence of the employee's protected conduct.'" *Id*. (quoting *Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir. 2004)).

Here, Plaintiffs fail to pass the first three steps of the analysis. Even assuming Plaintiffs adequately allege that their speech addressed an issue of public concern, Plaintiffs do not make sufficient allegations to show that they spoke in the capacity of private citizens rather than public employees or that the speech was a substantial or motivating factor in the adverse action Defendants allegedly took.

"'Statements are made in the speaker's capacity as a citizen if the speaker had no official

duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform.'" *Eng*, 552 F.3d at 1071 (quoting *Posey v. Lake Pend Oreille School Dist. No. 84*, 546 F.3d 1121, 1127 n. 2 (9th Cir. 2008)). Plaintiffs assert that whether they spoke as private citizens "is a fact-based inquiry which should not be resolved in the context of this motion." (Doc. 10, p. 9). However, the Ninth Circuit has stated that, "[w]hile 'the question of the scope and content of a plaintiff's job responsibilities is a question of fact,' the 'ultimate constitutional significance of the facts as found' is a question of law." *Eng*, 552 F.3d at 1071 (quoting *Posey*, 546 F.3d at 1127 n. 2). "In evaluating whether a plaintiff spoke as a private citizen, we must therefore assume the truth of the facts as alleged by the plaintiff with respect to employment responsibilities." *Id*. "If the allegations demonstrate an official duty to utter the speech at issue, then the speech is unprotected[.]" *Id*. Here, the allegations when assumed true fail to demonstrate that Plaintiffs did not have an official duty to utter the speech at issue or that the speech was not the product of performing tasks that Plaintiffs are paid to perform. Therefore, Plaintiffs failed to meet their burden of showing that the speech was made in the capacity of private citizens.

   A plaintiff can show that First Amendment retaliation was a substantial or motivating factor behind a defendant's adverse employment actions through: (1) evidence regarding the proximity in time between the protected action and the allegedly retaliatory employment decision; (2) evidence that his employer expressed opposition to his speech, either to him or to others; and (3) evidence that employer's proffered explanations for the adverse employment action were false and pre-textual. *Coszalter v. City of Salem*, 320 F.3d 968, 977. (9th Cir. 2003) (citing *Keyser v. Sacramento City Unified School District*, 265 F.3d 741 (9th Cir.2001). "Once again, in evaluating whether the government's adverse employment action was motivated by the employee's speech, we must assume the truth of the plaintiff's allegations." *Eng*, 552 F.3d at 1071. "If the plaintiff does not sufficiently allege that the state retaliated for the employee's exercise of First Amendment rights, there can be no recovery[.]" *Id*. Plaintiffs' allegations are insufficient to show retaliation through any of ways outlined in *Coszalter*. 320 F.3d at 977. Moreover, as Defendants point out, Plaintiffs fail to indicate when many of the retaliatory acts took place, which police officer(s) Plaintiffs reported, which officer(s) engaged in conduct that resulted in a hostile work environment or retaliation, and whether

those officers had knowledge of Plaintiffs' protected speech.  Therefore, Plaintiffs fail to meet their burden to show that First Amendment retaliation was a substantial or motivating factor behind Defendants' adverse employment actions.  In fact, Plaintiffs appear to concede their failure to allege this required element of their § 1983 retaliation claim.  (Doc. 10, p. 10).

For these reasons, the Court GRANTS with leave to amend Defendants' motion to dismiss Plaintiffs' second cause of action under 42 U.S.C. § 1983.

### ii.        Third Cause of Action under the Private Attorney General Act

Plaintiffs agreed to dismiss their third cause of action. (Doc. 10, p. 10). Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiffs' third cause of action under the Private Attorney General Act, Cal. Gov. Code § 2698, *et seq.*

## CONCLUSION AND ORDER

For the reasons discussed above, the Court:

1. DISMISSES with leave to amend Plaintiffs Peter Graff and Rick Disney's second cause of action for violations of 42 U.S.C. § 1983 against Defendants the City of Tehachapi, Jeff Kermode, Kevan Emprey, Scott Kecham, and Mike Christian; and
2. DISMISSES without prejudice Plaintiffs Peter Graff and Rick Disney's third cause of action for civil penalties under Cal. Lab. Code § 2698, *et seq.*, against Defendant the City of Tehachapi.

Plaintiffs shall have ***one opportunity*** to file and serve a second amended complaint in an attempt to cure the deficiencies described herein.  Any such further amended complaint shall be filed and served within 20 days of electronic service of this order.  Defendants no later than 20 days after service of the second amended complaint shall file a response thereto.

If Plaintiffs do not file and serve a further amended complaint in accordance with this

/ / /

/ / /

/ / /

/ / /

/ / /

Court's Order, this Court will remand this matter to Kern County Superior Court for further proceedings.

IT IS SO ORDERED.

   Dated:   **March 10, 2014**                **/s/ Lawrence J. O'Neill**
                                                           UNITED STATES DISTRICT JUDGE