**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER GRAFF, an individual, and RICK DISNEY, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF TEHACHAPI, a municipality; Jeff Kermode, Chief of Police; Kevan Empey, an individual; Scott Ketcham, an individual; Mike Christian, an individual; and DOES 1 through 11,<br><br>    Defendants. | 1:14-CV-00095-LJO-JLT<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 39) |

## I. INTRODUCTION

Plaintiffs Peter Graff ("Graff") and Rick Disney ("Disney") (collectively "Plaintiffs") brought a suit against the City of Tehachapi ("City"), Jeff Kermode, Kevan Empey[1], Scott Kecham, Mike Christian, and Does 1-11( collectively "Defendants") for violations of Cal. Lab. Code § 1102.5 and 42 U.S.C. § 1983. Doc. 14, Second Amended Complaint ("SAC"). Before the Court is Defendants Kermode, Empey, Ketcham and Christian's motion to dismiss the SAC for failure to prosecute the case and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed herein, the Court GRANTS Defendants' motion to dismiss as to Defendants Empey, Ketcham, and Christian and DENIES it as to Defendant Kermode.

---

[1] Defendants' papers refer to this defendant's last name as "Empey." The Court will utilize this spelling, even though the Complaint reference him as "Empry."

1

## II. BACKGROUND

**A.    Facts**

Plaintiffs had been satisfactorily employed as patrol officers by the Tehachapi Police Department for several years. Doc. 14 at 3. For many years, Plaintiffs were partners. *Id*. Starting in 2009 and continuing through 2011, Plaintiffs were involved in a series of disputes on a variety of matters with their fellow officers, including Defendants Empey, Ketcham, and Christian. Doc. 14. at 3-6. Many of these disputes were reported to Chief of Police Kermode. *Id*. at 3-6. In August 2011, Plaintiffs met with a city councilmember to report the continued animosity between Plaintiffs and other members of the police force as well as discuss the management of the police force. *Id*. at 7. In September 2011, Officer Disney sent an email to Chief of Police Kermode, as well as the City Manager, complaining of a hostile work environment at the police department. *Id*. at 6. In November 2011, Plaintiffs met with the councilmember for a second time. Later that year, Officer Graff met with a city councilmember and the mayor to discuss these complaints. In these conversations, Plaintiffs indicated that they felt they were being retaliated against for speaking to the councilmen and the mayor. *Id*. at 7.  In November 2011, Plaintiffs' partnership was terminated by the police force. *Id*. at 7.

In April 2012, Disney responded to an emergency call that required him to give medical care to an infant. Disney, through no fault of his own, was unable to save the infant. Upset by the incident, Disney decided to leave his shift early after arranging for another officer to cover the remainder of his shift. At the time, Chief Kermode approved Disney's leave. On May 7, 2012, however, Disney received notice that he was being investigated for leaving his shift early the day he attending to the infant. He was put on administrative leave, which led to the suspension of his badge, gun, and the use of his department vehicle. Doc. 14 at 9.

In June 2012, Disney was informed that the police department had been overpaying him and would be withholding payments going forward. At some point in the first half of 2012, Disney was informed by Chief Kermode that he would not receive his five percent merit increase nor the extra pay due to him for serving as Field Training Officer. Doc. 14 at 9-10.

In August 2012, Chief Kermode informed Disney that he was the subject of an internal affairs investigation for allegedly making false and/or disparaging statements about fellow officers. Doc. 14 at 11.

In June 2012, Graff spoke with several Councilmembers regarding conditions at police headquarters. Around that same time period, Chief Kermode gave a speech to a group of officers in which he instructed them not to speak to City Councilmembers or make any complaints about the department. Doc. 14 at 10.

In July 2012, Graff's service vehicle was taken away, ostensibly because he was on injured duty status. Other officers were routinely allowed to keep their service vehicles when they were on similar statuses. As a result, Graff was unable to transport his police dog for appropriate training and certification. *Id*. at 10. In July 2012, Graff was also informed that he would not receive his five percent merit increase. Chief Kermode told Graff that his merit increase was being withheld until Graff made improvements; however, Chief Kermode never specified what those improvements were. *Id*. at 10.

In August 2012, the Chief Kermode reassigned the directorship of the Reserve Officer Training Program from Graff to Defendant Ketchum. *Id*. at 10. The following month, Graff sent an email to the Chief Kermode complaining about the removal of his patrol vehicle and being the subject of a frivolous investigation. In subsequent emails, Graff complained about other misconduct in the workplace and voiced his intent to continue speaking with City Council regarding his situation, as well as his intent to file a lawsuit. In December 2012, Graff was made the subject of an internal investigation. *Id*. at 11.

**B. Procedural History**

On July 24, 2013, Plaintiffs filed a complaint against the City in Kern County Superior Court alleging breach of contract and retaliation in violation of public policy. On November 18, 2013, the Kern County Superior Court sustained the City's demurrer to Plaintiffs' complaint with leave to amend. Doc. 17-1 at 1.

On December 23, 2014, Plaintiffs filed a first amended complaint against Defendants alleging (1) violation of Cal. Lab. Code § 1102.5; (2) violation of 42 U.S.C. § 1983; and (3) penalties under the

3

Private Attorney General Act, Cal. Gov. Code § 2698, *et seq*. Doc. 17-1 at 1. The City removed this action to this Court on January 22, 2014 on the basis of federal question jurisdiction over Plaintiffs' §1983 claim. Doc. 1.

The City filed a motion to dismiss Plaintiffs' first amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on January 29, 2014. Doc. 6. Plaintiffs filed an opposition on February 20, 2014, and the City filed a reply on February 27, 2014. Docs. 10 and 11. On March 10, 2014, this Court dismissed in part Plaintiffs' claims with leave to amend. Doc. 13. On March 31, 2014, Plaintiffs filed their second amended complaint, omitted their claim under the Private Attorney General Act. Doc. 14. Defendants filed a motion to dismiss on April 21, 2014. Doc. 17. On July 11, 2014, this Court dismissed Plaintiffs' first cause of action under Cal. Lab. Code § 1102.5 and dismissed all claims against the City of Tehachapi. This Court further dismissed all claims without leave to amend that did not arise out of Plaintiffs' claim that their first amendment rights had been violated.

On November 3, 2014, Defendants Christian, Empey, Kecham, and Kermode filed a motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b), violations of Fed. R. Civ. P. 4(m), failure to comply with service requirements, and Rule 12(b)(6), failure to state a claim. Doc. 39. Plaintiffs filed their opposition on November 21, 2014. Doc.42. Defendants responded on November 26, 2014. Doc. 45. The matter was taken under submission pursuant to Local Rule. 230(g).

### III. ANALYSIS

**A.     Failure to Prosecute in violation of Federal Rules of Civil Procedure 41(b)**

Although the initial suit was filed by the Plaintiffs on July 24, 2013, Defendants Christian, Empey, Kecham, and Kermode were not served until approximately 15 months later. Doc. 39-1 at 4. Defendants argue that the case should be dismissed for failure to prosecute. *Id.* Federal Rules of Civil Procedure Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except on for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

In some cases, a plaintiff's failure to serve process in a timely manner may amount to failure to

4

prosecute and therefore a district court may dismiss an action on this ground. *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F. 2d 1275, 1278 (9th Cir. 1980). Dismissal under Rule 41(b) is "a sanction, to be imposed only in extreme circumstances." *Edwards v. Marin Park, Inc.*, 356 F. 3d 1058, 1063 (9th Cir. 2004) (internal citations and quotation marks omitted). In determining whether a case should be dismissed for failure to prosecute, the Ninth Circuit has adopted a five-factor test:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Wander v. Johnston*, 910 F. 2d 652, 656 (9th Cir. 1990) (internal citations and quotation marks omitted). The Ninth Circuit further instructed, "the first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Id*.

Defendants failed to allege any prejudice that they have suffered due to the delay in prosecution. "Delay alone, without a focus on its effects, will not justify dismissal or default." *Id*. Therefore, as Defendants have not suffered any prejudice, this Court will not dismiss Plaintiffs' claims on the grounds that they violated Rule 41(b).

**B.    Failure to Comply with Service Requirements in Violation of Federal Rules of Civil Procedure 4(m)**

The court may dismiss a complaint for failure to comply with the service requirements of Federal Rule of Civil Procedure Rule 4 under Federal Rules of Civil Procedure Rule 12(b)(5). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On its face, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after the 120-day period expires.

In determining whether the period of service should be retroactively extended, the court looks to whether the plaintiff shows good cause for failing to serve. *Acosta v. Tourner*, No. 1:09-CV-01560 AWI-GSA, 2010 WL 2817061, at *3 (E.D. Cal. July 15, 2010). Good cause may be established by

showing, at a minimum, excusable neglect. A plaintiff trying to prove excusable neglect must show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Lemoge v. United States*, 587 F. 3d 1188, 1198 n. 3. (9th Cir. 2009). In reviewing the factors, the Court notes Defendants received actual notice of the suit even if they were not served personally. As all individual Defendants were employed by the party that was served in a timely manner, they had actual notice of the suit.

If the plaintiff would be prejudiced by the dismissal of the case, the Ninth Circuit has ruled that a retroactive extension should be granted. *Lemoge*, 587 F. 3d at 1195. In determining whether the plaintiff would suffer prejudice the court looks at the plaintiff's ability to re-file the case. *Id*. "The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if they district court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation." *Mann v. American Airlines*, 324 F. 3d 1088, 1090-1091 (9th Cir. 2003).

As discussed above, the Defendants have not alleged that they have suffered any actual prejudice caused by the late service. By contrast, Plaintiffs have shown that they would be prevented from refilling the case as the statute of limitations has expired. Doc. 43 at 5. Actions brought pursuant to 42 U.S.C. § 1983, such as this case, are governed by the state statutes of limitations for personal injury. Morales v. City of Los Angeles, 214 F. 3d 1151, 1153 (9th Cir. 2000). In California, personal injury actions must be filed within two years of the wrongful act. Cal. Civ. Proc. Code § 335.1. Plaintiffs were placed on administrative leave, informed of their loss of their merit increases, and investigated for misconduct between May and August 2012. Doc. 14 at 9 – 11. As such, the statute of limitations on Plaintiffs' claims expired on or about August 2014.

This Court retroactively extends the time period for serving Defendants and does not dismiss the case under Rule 4(m). That being said, this Court does not condone Plaintiffs' counsel failure to manage his caseload efficiently and future accommodations and/or leniency by this Court in this case should not

be expected. Plaintiffs' counsel should either take the management and movement of this case seriously, or dismiss it.

**C. Motion to Dismiss for Failure to State a Claim**

    **1. Fed. R. Civ. P. 12(b)(6) Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the Court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."

*Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless an amendment would be futile. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

**2. 42 U.S.C. § 1983 Claim**

In their remaining cause of action, Plaintiffs claim that Defendants retaliated against Plaintiffs for speaking out on a matter of public concern, thereby violating Plaintiffs' right to freedom of speech and 42 U.S.C. § 1983. Doc. 14 at 13. Defendants argue that Plaintiffs' SAC failed to allege sufficient facts to establish liability as to Empey, Ketcham, and Christian. Doc. 39-1 at 7.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Where a public employee is claiming that his first amendment rights have been violated, the Court applies a five-step test to balance the government's rights as an employer and the Plaintiff's rights as a citizen, pursuant to which the Court must determine:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). As discussed in this Courts July 11, 2014 Order on Motion to Dismiss, when Plaintiffs reported the conduct of Defendants Empey, Ketcham, and Christian to Chief of Police Kermode they did so as public employees. *See* Doc. 26 at 11-12. The Ninth Circuit held that in "highly hierarchical employment settings," a determining factor as to whether a person spoke as a private citizen versus a public employee is whether or not the employee "confined his

communications to his chain of command." *Dahlia v. Rodriguez*, 735 F. 3d 1060, 1074 (9th Cir. 2013). As such any reports Plaintiffs made to Chief of Police Kermode were made as public employees. However, these discussions rarely amounted to a matter of public concern. *See* Doc. 26 at 10-11. Speech which is limited to "individual personnel disputes and grievances" and "would be of no relevance to the public's evaluation of the performance of governmental agencies" is clearly not a matter of public concern. *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983). Such speech does not qualify for protection under the First Amendment. Therefore, this Court previously held that Plaintiffs' claims were limited to their communications with city councilmembers, the city manager, and the mayor in the summers of 2011 and 2012 which resulted in Plaintiffs being put on administrative leave, losing the use of their service vehicle and being denied their five percent merit increases, the only actionable adverse actions remaining in this case. Doc. 26 at 16. Defendants Empey, Ketcham, and Christian were not involved in any of these adverse actions. Therefore Defendants Empry, Ketcham, and Christian did not cause any adverse employment action to be taken against Plaintiffs. *Thomas v. City of Beaverton*, 379 F. 3d 802, 811 (9th Cir. 2004). As such, this Court dismisses the remaining § 1983 claim against Defendants Empey, Ketcham, and Christian.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court:

1. DENIES Defendants' motion to dismiss on the grounds that Plaintiffs' service did not comply with Fed. R. Civ. P. 41(b) or 4(m).

2. GRANTS Defendants' motion to dismiss the 1983 Claim as to Defendants Empey, Ketcham, and Christian.

IT IS SO ORDERED.

Dated: __December 18, 2014__        /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE