UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRAFF, et al., ) | Case No.: 1:14-cv-00095 - LJO- JLT |
| ) | |
| Plaintiffs, ) | FINDINGS AND RECOMMENDATIONS |
| ) | DISMISSING THE ACTION FOR PLAINTIFFS' |
| v. ) | FAILURE TO COMPLY WITH THE COURT'S |
| ) | ORDERS |
| CITY OF TEHACHAPI, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Previously, the parties notified the Court that the action was resolved. (Doc. 64)  Accordingly, the Court ordered the parties to file their request for dismissal. (Doc. 66)  Because Plaintiffs have failed to comply with the Court's orders, it is recommended that the action be **DISMISSED** with prejudice.

**I.     Relevant Background**

Plaintiff initiated this action by filing a complaint on January 22, 2014.  (Doc. 1)  On March 7, 2016, Defendants filed a notice of settlement.  (Doc. 64)  To allow sufficient time for the settlement agreement to be finalized in writing, the Court ordered the parties to file a request for dismissal no later than April 15, 2016.  (Doc. 66)  However, the parties failed to comply with the Court's order.

On May 9, 2016, the Court issued an order to show cause to the parties and counsel as to why sanctions should not be imposed for the failure to comply with the Court's order.  (Doc. 67)  The parties were directed to respond within fourteen days, and cautioned that "[f]ailure to comply with this order may result in the imposition of sanctions, including the dismissal of the action or an order striking

the answer and entering default." (Doc. 67 at 1, emphasis omitted)  Defendants filed a timely response to the order on May 23, 2016, supported by the declaration of counsel, Jesse Maddox. (Docs. 68, 68-1)

Mr. Maddox reports that in November 2015, Plaintiffs' counsel, Sam Wells informed him that the parties would resolve the case, and he believed they "would have a deal. (Doc. 68-1 at 1-2, ¶¶3, 6)  After Mr. Wells "explained the terms to which his clients would agree," Mr. Maddox prepared a draft settlement agreement and provided it to Mr. Wells on January 11, 2016. (*Id.* at 2, ¶ 10)  He again provided the drafts on February 3, 2016. (*Id.* at 3, ¶ 12)  According to Mr. Maddox, Plaintiffs' counsel "emailed his proposed changes to the draft settlement agreement" and informed the Court that the case would settle. (*Id.*, ¶¶ 14-15)  Mr. Wells then informed Mr. Maddox that he wanted to revise the agreement, and seek approval from his client. (*Id.* at 4, ¶¶ 19, 21)  Plaintiffs provided the "new proposed settlement language" on March 3, 2016. (*Id.*, ¶ 22)  Defendants agreed to the changes, and Mr. Maddox emailed the settlement agreement to Mr. Wells for Plaintiffs to execute the document on March 8, 2016. (*Id.*, ¶ 23)

Mr. Maddox reports that he contacted Plaintiffs' counsel on numerous occasions between March and May 2016, inquiring about the status of the settlement agreement. (Doc. 68-1 at 5-6, ¶¶ 24-33)  Mr. Maddox asserts he has not received a response from Mr. Wells since April 19, 2016, or received the executed agreement. (*Id.* at 6, ¶ 34)

Plaintiffs did not respond to the Court's order to show cause, and did not refute Mr. Maddox's summary of the events related to execution of the settlement agreement.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment

of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.     Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiffs' failure to comply with the deadlines set forth by the Court and failure to prosecute.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Significantly, the Ninth Circuit determined a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the requirement that less drastic sanctions be considered.  *Malone*, 833 F.2d at 131; *see also Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a [court] order." *Malone*, 833 F.2d at 133.  Here, Plaintiffs were warned that failure to comply with the Court's order to show cause "**may result in the imposition of sanctions, including the dismissal of the action….**"  (Doc. 67 at 1, emphasis in original).  Thus, Plaintiffs received adequate warning that dismissal would result from their noncompliance with the Court's order, which satisfies the Court's

obligation to consider lesser sanctions. *See Malone*, 833 F.2d at 131. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV. Findings and Recommendations

Plaintiffs failed to comply with, or otherwise respond to, the Court's orders dated March 9, 2016 (Doc. 66) and May 9, 2016 (Doc. 67). Consequently, Plaintiffs also failed to continue the prosecution of this action.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED with prejudice**; and

2. The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 24, 2016**                                 **/s/ Jennifer L. Thurston**
                                                                             UNITED STATES MAGISTRATE JUDGE