1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRAFF; RICK DISNEY, | CASE NO. 1:14-CV-00095-LJO-JLT |
| Plaintiffs, | |
| v. | MEMORANDUM ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES |
| CITY OF TEHACHAPI; JEFF KERMODE; KEVAN EMPRY; SCOTT KECHAM; AND MIKE CHRISTIAN, | (ECF No. 74) |
| Defendants. | |

Pending before the Court is Defendants the City of Tehachapi, Jeff Kermode, Kevan Empey, Scott Kecham, and Mike Christian's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988, filed July 20, 2016 (ECF No. 74), and Defendants' submitted bill of costs (ECF No. 73). Plaintiffs Rick Disney and Peter Graff timely filed an opposition on August 11, 2016 (ECF No. 76), and objections to the bill of costs (ECF No. 75). Defendants filed their reply on August 17, 2017 (ECF No. 78). The Court deems the matter appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, the Court DENIES Defendants' motion and GRANTS IN PART the request for costs for the reasons set forth below.

**BACKGROUND**

On July 24, 2013, Plaintiffs Rick Disney and Peter Graff (together, "Plaintiffs") brought a suit in the Superior Court of Kern County against the City of Tehachapi ("City"), Jeff Kermode, Kevan Empey, Scott Kecham, Mike Christian, and Does 1-11 (collectively "Defendants") for breach of contract and retaliation in violation of public policy. ECF No. 1. On November 18, 2013, Kern County Superior Court sustained the City's demurrer to Plaintiffs' complaint with leave to amend. On December 23, 2014, Plaintiffs filed a First Amended Complaint ("FAC") in which they alleged violations of Cal. Lab. Code § 1102.5 and 42 U.S.C. § 1983, and sought penalties under the Private Attorney General Act, California Government Code § 2698 et seq. ("PAGA").

The City removed to federal court on January 22, 2014, on the basis of federal question jurisdiction over Plaintiffs' § 1983 claim. ECF No. 1. On January 29, 2014, the City moved to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule[1] 12(b)(6). ECF No. 6. Plaintiffs timely opposed the motion, and the City timely replied. ECF Nos. 10, 11. On March 10, 2014, this Court granted in part Defendants' motion with leave to amend. ECF No. 13.

On March 31, 2014, Plaintiffs filed a Second Amended Complaint ("SAC"), omitting their PAGA claim. ECF No. 14. On April 21, 2014, Defendants again moved to dismiss the SAC under Rule 12(b)(6), Plaintiffs' timely opposed, and Defendants' replied. ECF Nos. 17, 20, 22. On July 11, 2014, the Court granted in part and denied in part Defendants' motion, dismissing Plaintiffs' first cause of action under Cal. Lab. Code § 1102.5; all claims against the City of Tehachapi; as well as dismissing, without leave to amend, all claims that did not arise out of Plaintiffs' claim that their first amendment rights had been violated. ECF No. 26. In October 2014, the Court dismissed the City as a Defendant. ECF No. 36.

On November 3, 2014, Defendants Christian, Empey, Kecham, and Kermode filed a motion to dismiss for failure to prosecute under Rule 41(b), violations of Rule 4(m), failure to comply with service requirements, and Rule 12(b)(6), failure to state a claim. ECF No. 39. Plaintiffs timely filed their opposition on November 21, 2014, and Defendants responded on November 26, 2014. ECF

---

[1] Hereinafter, references to "Rules" are to the Federal Rules of Civil Procedure.

Nos. 42, 45. On December 18, 2014, the Court denied Defendants' motion to dismiss on the grounds that Plaintiffs' service did not comply with Rule 41(b) or 4(m), but granted Defendants' motion to dismiss Plaintiffs' § 1983 claims against Defendants Empey, Ketcham, and Christian. ECF No. 49.

On June 3, 2015, the Magistrate Judge issued the following minute order:

> In light of the information contained in defendant's mid-discovery status conference report that discovery efforts are proceeding appropriately [ECF No. 58], the Court VACATES the mid-discovery status conference set for 6/8/2015 at 09:00 AM before Magistrate Judge Jennifer L. Thurston. Counsel are reminded of their obligation to complete all discovery within the time frames set forth in the Scheduling Order. Plaintiffs SHALL show case in writing within 14 days why sanctions should not be imposed for their failure to cooperate in the filing of a joint mid-discovery status conference statement.

ECF No. 59. Subsequent to Plaintiffs filing a declaration on July 28, 2015, the Magistrate Judge discharged the show cause order and set a date for the pretrial conference. ECF Nos. 60-62.

In light of the parties' notice of settlement filed March 7, 2016, ECF No. 64, this Court vacated the pretrial conference. ECF No. 65. On March 9, 2016, the Magistrate Judge issued an Order after Notice of Settlement, in which she vacated all pending dates, conferences, and hearings, and ordered the parties to file a stipulated request for dismissal by April 15, 2016. ECF No. 66. The parties did not file any stipulated request for dismissal.

More than three weeks after the deadline, on May 9, 2016, the Magistrate Judge ordered the parties and counsel to show cause within 14 days why sanctions should not be imposed for their failure to comply with the Court's orders, or, alternatively, to file the joint request for dismissal. ECF No. 67. Defendants filed their Response to the show cause order on May 23, 2016. ECF No. 68. Plaintiffs failed to file a response.

On June 22, 2016, this Court issued an Order adopting in full the Magistrate Judge's Findings and Recommendations, dismissing the action with prejudice, and directing the Clerk of Court to close the case. ECF No. 71. A judgment issued on June 22, 2016. ECF No. 72. The City filed a bill of costs on July 6, 2016, and the instant motion on July 20, 2016. ECF Nos. 73, 74. Plaintiffs filed objections to the bill of costs and oppose Defendants' motion. ECF Nos. 75, 76.

//

//

## DISCUSSION

**I.      Attorneys' Fees**

A court, in its discretion, may award reasonable attorneys' fees to a prevailing party in a civil rights action, including those brought under § 1983. 42 U.S.C. § 1988(b) ("Section 1988") ("In any action … to enforce a provision of section[ ] … 1983 …, the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs … ."). A court may do so only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978).

This rigorous standard applies to prevailing defendants and not plaintiffs because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.* at 418-19 (internal quotation marks omitted); *see also id.* at 422 ("To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as section 1983). Thus Section 1988 "operates asymmetrically," by allowing a prevailing plaintiff to routinely recover attorneys' fees, but only allows a prevailing defendant to recover fees in "exceptional circumstances where the court finds that the plaintiff's claims are frivolous, unreasonable, or groundless." *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) (quoting *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011)) (internal quotations omitted); *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir. 1990) (attorney's fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances").

The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Super. Ct.,* 631 F.3d 963, 971 (9th Cir. 2011). An action is frivolous when the claim "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Alternatively, a claim is vexatious when the litigation was pursued with an "improper purpose, such as to annoy or embarrass the defendant." *Douglas v. Pfingston*, 284 F.3d 999, 1006 (9th Cir. 2002).

A claim is not frivolous merely because the "plaintiff did not ultimately prevail." *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg*, 434 U.S. at 421-22).

Here, Defendants argue that they are entitled to attorneys' fees and emphasize Plaintiffs' counsel's mismanagement of the case.[2] Defendants primarily complain about Plaintiffs' counsel's conduct, unresponsiveness. However, "a defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint." *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 972 (9th Cir. 2011) (emphasis added). This, Defendants fail to do. And although Plaintiffs' counsel characterizes his own conduct as "disrespectful and unprofessional," (ECF No. 76, 2:4), the attorney's performance deficiencies do not demonstrate that Plaintiffs' claims were frivolous. *See, e.g., Lopez v. Cty. of San Mateo*, No. 15-CV-03804-TEH, 2016 WL 1213912, at *1 (N.D. Cal. Mar. 29, 2016) ("Plaintiff's claims are not frivolous merely because Plaintiff's attorney may not have performed his best in representing Plaintiff in this action.").

Defendants also argue that the majority of claims against them were dismissed. However, this alone does not mean that the suit was groundless or brought frivolously. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of Los Angeles,* 477 F.3d 652, 666 (9th Cir. 2007) (citing *Christiansburg,* 434 U.S. at 422); *also see Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (a plaintiff's civil rights claim is "frivolous" under the *Christiansburg* test if it "lacks an arguable basis in either law or fact").

In this case, the Court evaluated the suit and found it necessary to allow Plaintiffs multiple opportunities to amend the complaint. *See, e.g., Gallardo v. Hanford Joint Union Sch. Dist.*, No. 1:12-CV-01612 GSA, 2015 WL 4661636, at *1-2 (E.D. Cal. Aug. 5, 2015) (after carefully considering the complaint, finding it necessary to give plaintiff opportunities to amend, and thus denying attorneys' fee award to prevailing defendants). Here, also, at least one of Plaintiffs' claims

---

[2] To the extent that Defendants mean to move for Rule 11 sanctions related to Plaintiffs' counsel's conduct throughout the litigation, it is untimely and improperly done. The Court declines to impose sanctions.

survived the motions to dismiss. Defendants concede that the parties reached a settlement agreement and actually filed a notice of settlement. For these reasons, the Court does not find Plaintiffs' complaint frivolous or vexatious. The Court concludes that Plaintiffs brought their case on a good faith belief that they were seeking redress for a perceived constitutional violation, which is the purpose Congress contemplated when it enacted 42 U.S.C. § 1983. Whatever the professional failings of Plaintiffs' attorney, these do not rise to the level of "exceptional circumstances" for which Defendants should recover fees.

**II.   Costs**

Federal Rule of Civil Procedure 54(d) governs the taxation of costs to the prevailing party in a civil matter. Unless a court order provides otherwise, costs (other than attorneys' fees) "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party. *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 591-93 (9th Cir. 2000) (en banc). The burden is on the losing party to "show why costs should not be awarded," *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999); *Nat'l Info. Servs., Inc. v. TRW, Inc.,* 51 F.3d 1470, 1471-72 (9th Cir. 1995)). But if the losing party shows why costs should not be awarded, the rule "vests in the district court discretion to refuse to award costs." *Id.* at 591; *Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003) ("the losing party must show why costs should not be awarded").

The district court retains broad discretion to decide how much to award, if anything. *Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013). However, the type of costs that may be awarded under Rule 54(d) are limited to those enumerated by statute in 28 U.S.C. §§ 1920, 1924. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444-45 (1987). The district court has discretion under Rule 54 to determine what constitutes a taxable cost within the meaning of Section 1920. *Alflex Corp. v. Underwriters Labs., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990). This discretion is also "a power to decline to tax, as costs, the items enumerated in § 1920." *Crawford Fitting Co.,* 482 U.S. at 442. Although a district court must "'specify reasons' for its *refusal* to tax costs to the losing party," a court need not specify reasons for its *"decision* to abide the presumption and tax

costs to the losing party." *Save Our Valley,* 335 F.3d at 945 (citing *Ass'n of Mex.-Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (en banc)) ("The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the reviewing court] will assume it acted based on that presumption.").

In this case, on July 6, 2016, Defendants timely filed a bill of costs in the amount of $2,700.10 for court fees and other costs associated with the litigation. ECF No. 73. Defendants provide this itemization:

| | |
|---|---|
| Fees of the Clerk (filing fee) | $400 |
| Internal Copy Fees | $103.65 |
| Westlaw Legal Research | $1864.00 |
| Eddings Attorney Support Services (courier) | $192.50 |
| Courtcall and Casefax | $139.95 |
| *Total* | $2700.10 |

*Id.* at 1, 2.

On July 21, 2016, Plaintiffs filed objections to the bill of costs arguing that: (1) costs for legal research are considered attorneys' fees; (2) "Eddings Attorney Support Services," are unexplained; and, (3) court calls are not enumerated in § 1920; thus, these three items are not taxable costs under 28 U.S.C. § 1920. ECF No. 75. Plaintiffs do not object to the filing fees.

Title 28 of United States Code Section 1920 provides a specific list of qualifying taxable costs for which a prevailing party may recover:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

Prevailing parties cannot recover costs for courier, mail, or telephone charges because they are outside the scope of § 1920. *See Tasakos v. Welliver Mental Prods. Corp.,* No. 04-6205, 2005 WL 627633, at *2, 2005 U.S. Dist. LEXIS 4654 at *5 (D.Or. Mar. 16, 2005) (citing cases). Also, computer based legal research is not taxable as costs that may be recovered by a prevailing party. *See Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006). Because these expenses are not authorized by Section 1920, the Court reduces Defendants' request by $ 2,196.45 (Westlaw legal research expenses: $1864.00; courier fees: $192.50; faxes and telephone calls: $139.95), for an adjusted recoupable cost total of $503.65 ($2700.10 less $2196.45). *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-442 (1987) (a district court may not tax costs beyond those authorized by § 1920).

Defendants request $103.65 for "internal copy fees," ECF No. 73 at 2, and Section 1920 allows recovery of costs for photocopies and transcripts if these were "necessarily obtained." 28 U.S.C. § 1920(2), (4). But Defendants fail to include any declaration from counsel that these copy costs were necessarily incurred. *See* ECF Nos. 74-1 (Lehman Decl.) (fails to mention copies); 74-3 (Youril Decl.) (same); 74-2 ¶ 38 (Maddox Decl.) (mentions but does not explain the copy costs). Because Defendants fail to provide any explanation of the copy costs, the Court cannot determine whether these copies were necessary or merely made for convenience. *See, e.g., Independent Iron Works, Inc. v. United States Steel Corp.,* 322 F.2d 656, 678 (9th Cir. 1963) (costs related to copying depositions that "were merely useful for discovery" are not taxable); *Arboireau v. Adidas Salomon AG,* No. 01–105, 2002 WL 31466564, at *6-7, 2002 U.S. Dist. LEXIS 20342, at *18 (D.Or. June 14, 2002) (a party cannot recover costs for copies prepared for the convenience of the attorneys). As a result, the Court declines to tax fees for $103.65 for these unexplained "copy costs." ECF No. 73, Bill of Costs at 2.

The only remaining possible recoupable costs are filing fees. Section 1920 specifically enumerates that a prevailing party may recover costs for fees to the court clerk. 28 U.S.C. § 1920(1). Therefore, the Court will tax costs of $400 for the "filing fee" as requested by Defendants in their bill of costs. ECF No. 73 at 1-2.

//

**III.     CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motion for an award of attorney's fees, pursuant to 42 U.S.C. § 1988 (ECF No. 74), is **DENIED**. Defendants' bill of costs (ECF No. 73) is **GRANTED IN PART**, to the extent that the Clerk of Court **SHALL** levy costs of $400 against Plaintiffs.

Finally, the Clerk of the Court is **DIRECTED** to close the case.

IT IS SO ORDERED.

Dated:   **September 15, 2016**          **/s/ Lawrence J. O'Neill**
                                                UNITED STATES CHIEF DISTRICT JUDGE

9